**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MARCO TORRES,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

Plaintiff,

v.

LANDAU'S CLEANERS INC., and
DAVID LANDAU,

Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff MARCO TORRES ("Plaintiff"), on behalf of himself and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, LANDAU'S CLEANERS INC. ("Corporate Defendant"), and DAVID LANDAU ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and state as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

Defendants: (1) unpaid overtime premium; (2) unpaid wages, including overtime, due to time shaving; (3) liquidated damages; and (4) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premium; (2) unpaid wages, including overtime, due to time shaving; (3) unpaid wages due to a fixed salary policy; (4) statutory penalties; (5) liquidated damages; and (6) attorneys' fees and costs.

3. Plaintiff further alleges that pursuant to Internal Revenue Code, 26 U.S.C. § 7434, he and others similarly situated who were paid partially by check are entitled to damages and fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4. Plaintiff further alleges that Defendants breached their contract with Plaintiff and Class Members by failing to pay employer payroll taxes for Plaintiff and Class Members, as required by the Federal Insurance Contribution Act ("FICA"). Plaintiff also alleges that, in retaining those sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiff and Class Members.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff MARCO TORRES, for all relevant time periods, was a resident of Kings County, New York.

8. Corporate Defendant LANDAU'S CLEANERS INC. is a domestic business corporation organized under the laws of the State of New York, doing business as "Landau's Premium Dry Cleaners," with a principal place of business and an address for service of process located at 4512 Fort Hamilton Parkway, Brooklyn, NY 11219.

9. Individual Defendant DAVID LANDAU is an owner and manager of the Corporate Defendant. At all relevant times, DAVID LANDAU exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class Members, including the power and authority to (i) hire and fire employees, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment. DAVID LANDAU is an "employer" within the meaning of the FLSA and NYLL.

10. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by the Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings claims for relief as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, pressers, dry cleaning workers, packers, washers, and other similar positions) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to: (1) pay them overtime compensation at the rate of one and one half times the regular rate for work performed in excess of forty (40) hours per week, and (2) pay them wages for all hours worked, including overtime, due to time shaving.

14. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, pressers, dry cleaning workers, packers, washers, and other similar positions) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class" or "Class Members." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of the Defendants. The hours assigned and worked, positions held and pay rates for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of forty (40) per workweek, (ii) failing to provide regular and overtime compensation for all hours worked, due to time shaving, (iii) failing to make any FICA contributions for Class Members' wages due to at least partially payment of their wages in cash, (iv) failing to provide wage and hour notices at the date of hiring and annually as required by the NYLL, and (v) failing to provide wage statements as required by NYLL. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for a fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York Labor Law;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type of work and labor for which Defendants did not pay the Class Members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class Members for their work;

d. Whether Defendants properly paid Plaintiff and Class Members overtime premiums as required under the New York Labor Law;

e. Whether Defendants provided Plaintiff and Class Members with proper compensation for all hours worked;

f. Whether Defendants paid Plaintiff and Class Members a fixed salary without regard to hours actually worked;

g. Whether Defendants provided to Plaintiff and Class Members proper wage and hour notices, at date of hiring and annually, as required by New York Labor Law; and

h. Whether Defendants provided to Plaintiff and Class Members proper wage statements with each payment of wages as required by New York Labor Law.

## **STATEMENT OF FACTS**

*Plaintiff MARCO TORRES*

24. In or around June 2019, Defendants hired Plaintiff TORRES to work as a presser at Defendants' dry cleaning establishment, Landau's Premium Dry Cleaners, located at 4512 Fort Hamilton Parkway, Brooklyn, NY 11219. Plaintiff TORRES's employment by Defendants

concluded on or around November 21, 2024, when Defendants terminated Plaintiff TORRES without cause.

25. From the start of Plaintiff TORRES's employment through approximately January 2022, Defendants compensated Plaintiff TORRES with a fixed weekly salary of $1,000.00, paid partially in cash ($500.00) and partially by check ($500.00), regardless of the number of hours Plaintiff TORRES actually worked each week.

26. From approximately January 2022 through the end of his employment, Defendants compensated Plaintiff TORRES at an hourly rate of $22.50 per hour, paid by check.

27. At all relevant times, Defendants scheduled Plaintiff TORRES to work five (5) days per week, Monday through Friday, from 7:00 a.m. to 6:00 p.m., for a total of fifty-five (55) hours per week. Approximately twice per month during the winter months, Defendants also required Plaintiff TORRES to work on Sundays from 7:00 a.m. to 6:00 p.m., resulting in a sixty-six (66) hour workweek.

*Unpaid Wages, due to a Fixed Salary Policy*

28. From the start of Plaintiff's employment in or around June 2019 through approximately January 2022, Plaintiff regularly worked fifty-five (55) hours per week, and during winter months approximately twice per month worked sixty-six (66) hours per week, and was paid a fixed salary of $1,000 per week. By paying Plaintiff a fixed salary that did not account for overtime hours, Defendants failed to pay Plaintiff the overtime premium required by law for all hours worked in excess of forty (40) per week. There was never any understanding between Plaintiff and Defendants that the fixed salary was intended to cover any overtime hours worked.

29. At fifty-five (55) hours per week, Plaintiff's effective hourly rate under the fixed salary was approximately $18.18 per hour, which did not include any overtime premium for the fifteen (15) hours worked in excess of forty (40) per week.

30. The fixed salary claim applies to Plaintiff and Class Members who were similarly subjected to Defendants' fixed salary policy, whereby Defendants paid employees a fixed weekly amount regardless of hours worked, thereby depriving them of any overtime premiums for hours worked in excess of forty (40) a week.

31. Defendants knowingly and willfully operated their business with a policy of paying Plaintiff and Class Members a fixed salary for all hours worked, including overtime hours, resulting in unpaid overtime premium.

*Unpaid Overtime Premiums*

32. From approximately January 2022 through the end of his employment, Defendants compensated Plaintiff at an hourly rate of $22.50 per hour, paid by check. FLSA Collective Plaintiffs and Class Members were similarly paid at an hourly rate during the relevant time period.

33. Despite changing their payment system to an hourly rate, instead of a fixed salary, Defendants continued to pay all overtime hours that Plaintiff worked at straight-rate, instead of one-and-one-half times the regular rate. FLSA Collective Plaintiffs and Class Members were similarly not paid their overtime hours at one-and-one-half times their regular pay rate.

34. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members overtime premiums for all overtime hours worked.

*Unpaid Wages due to Timeshaving*

35. From approximately mid-2023, Defendants installed a clock in/out system and required Plaintiff, FLSA Collective Plaintiffs, and Class Members to clock out for a forty-five (45) minute lunch break.

36. However, approximately two (2) times per week, Plaintiff was interrupted during his meal breaks and required to resume work when the establishment became busy. Despite being required to work through his meal break, Defendants required Plaintiff to remain clocked out until the full break time has elapsed, thereby failing to compensate them for time actually worked. FLSA Collective Plaintiffs and Class Members were similarly required by Defendants to work during their meal break while still clocked out.

37. As a result of Defendants' time-shaving policy, Plaintiff was not paid for at least one-and-one-half (1.5) hours of compensable work time per week. FLSA Collective Plaintiffs and Class Members were similarly not paid for all compensable work hours due to Defendants' policy of timeshaving.

38. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members for all regular and overtime hours worked due to timeshaving.

*Fraudulent Filing Claims*

39. At all relevant times, Defendants intentionally and willfully subjected Plaintiff and Class Members who were paid partially by check to a policy of filing fraudulent tax information on their behalf, in violation of 26 U.S.C. § 7434. Additionally, Defendants subjected Plaintiff and Class Members to a policy of unjustly enriching themselves at the expense of Plaintiff and Class Members, in violation of New York law.

40. At all relevant times, Defendants maintained a policy and practice of paying Plaintiff TORRES partially by check and partially in cash.

41. With respect to Plaintiff and Class Members who were paid partially by check, Defendants failed to properly record, account for, and report to the IRS all monies paid to them. In failing to account for these monies in their IRS filings, Defendants failed to file proper W-2 forms in violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for statutory penalties for each such Class Member for each fraudulent filing, which would occur at least once per year.

*Breach of Contract Claims*

42. In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiff and Class Members to pay the employer's share of Social Security and Medicare taxes for each employee.

43. Defendants also unjustly enriched themselves at the expense of Plaintiff and Class Members by retaining monies that should have been remitted to the IRS on behalf of Plaintiff and Class Members.

44. As a result, Plaintiff and Class Members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement, suffer diminished Social Security and Medicare benefits because they did not pay enough into the system.

45. The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, Defendants must compensate Plaintiff and Class Members 7.65% of all their earnings from Defendants.

46. Defendants are liable to Plaintiff and Class Members for failing to pay FICA taxes for the wages earned by Plaintiff and Class Members.

<u>*WTPA Claims*</u>

47. At all relevant times, Plaintiff and Class Members never received an accurate wage notice from Defendants. They also did not receive accurate wage statements from Defendants.

48. In failing to provide wage statements and notices, Defendants have failed to comply with the law in a manner that entails a concrete harm to an interest identified by the New York State legislature. Following the decision in *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 303 (2d Cir. 2024), Courts have generally held that there is no categorical bar on Article III standing for WTPA claims. Instead, the Second Circuit found that "[t]he lack of such notices and statements might impair 'an employee's ability to seek relief for violations they may not have information about'" to an extent sufficient to support standing.

49. New York Court continue to find sufficient standing to support standing to support these claims. One such Court stated the following at Summary Judgment:

> "Here, the Court determines that Plaintiffs have adequately alleged and established actual and concrete downstream harm as a result of Defendants' failure to provide the required wage and hour notices and wage statements. Plaintiffs have shown that "Defendants' violations impaired their ability to seek relief due to a lack of information." More than that, Plaintiffs have proved, and the Court agrees, that Defendants' failure to maintain proper wage statements because of their automatic meal-break deduction and eight-hour rounding led Plaintiffs to lose wages. These are exactly the types of harm that the Second Circuit considered to be sufficient to establish standing in *Guthrie*. Therefore, the Court finds for Plaintiffs on this issue."

*Sanchez v. Clipper Realty, Inc.*, 2026 U.S. Dist. LEXIS 36716, *61 (S.D.N.Y. February 23, 2026) (internal citations removed).

50. Here, Defendants' conduct has led to exactly the kind of injury contemplated in *Guthrie* and *Sanchez.* By failing to inform Plaintiff and Class Members of the actual hours that they worked by not providing them with wage statements, Defendants were able to hide their wrongdoing, as Plaintiff and Class Members were unaware of the fact that they were being underpaid. Had Defendants provided proper wage statements to Plaintiff and Class Members

which accurately listed the total number of hours Plaintiff and Class Members actually worked, as required by law, Defendants would have had to either (a) increase the wages to correspond to the hours actually worked or (b) forthrightly acknowledge, by way of the wage statement, that the employee's wages did *not* correspond to the hours the employee actually worked.

51. By failing to report Plaintiff's and Class Members' hours, Defendants were able to reduce employee earnings, and Defendants' contribution to those earnings, that they later reported to the IRS through the employees' W-2 form, as such information is derived from the information on employees' wage statements. The effect of reporting reduced wages on an employees' W-2 is, in turn, to reduce the amount of benefits available to the employee—such as unemployment benefits and social security benefits—as an employee's entitlement to benefits reflects how much money he or she is reported as having contributed to the social security system. As a result, Plaintiff and Class Members were irreversibly injured with respect to their benefits (including social security benefits)—a fact which Defendants were able to hide from them by failing to provide them with proper wage statements.

52. Furthermore, Defendants failed to provide any wage notices to Plaintiff or Class Members. Even if Defendants provided wage notices, the wage notices would have been inadequate as they would have failed to provide employees' actual pay rates, which were reduced by Defendants' time shaving. Once again, had Defendants provided Plaintiff and Class Members with wage notices that communicated the rates that Defendants actually intended to pay them, Plaintiff and Class Members would have been able to contest the unfair pay rates or choose not to take a job with Defendants. Instead, due to Defendants intentional hiding of that information, Plaintiff and Class Members accepted their employments with Defendants without the knowledge that Defendants did not intend to be bound to their promised pay rates.

53. Defendants knowingly and willfully operated their business with a policy of failing to provide Plaintiff, FLSA Collective Plaintiffs, and Class Members with proper wage notices and accurate wage statements, in violation of the NYLL.

54. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

55. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

56. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a), or, alternatively, properly before the Court under a theory of pendent party jurisdiction.

57. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

58. At all relevant times, Defendants had gross annual revenues in excess of $500,000.00.

59. At all relevant times, Defendants engaged in a policy and practice of refusing to properly pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

60. At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime, due to time shaving.

61. Records concerning the number of hours worked by and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

62. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

63. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

64. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages plus an equal amount as liquidated damages.

65. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

66. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

67. At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the New York Labor Law, §2 and 651.

68. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them proper overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

69. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them compensation for all hours worked, due to time shaving.

70. Defendants willfully violated Plaintiff's and Class Members' rights by paying them a fixed salary without regard to hours actually worked, thereby failing to pay proper overtime wages.

71. Defendants failed to provide Plaintiff and Class Members wage and hour notice, at the date of hiring and as legally required thereafter, in direct violation of the New York Labor Law.

72. Defendants failed to provide Plaintiff and Class Members with wage statements with every payment as required by New York Labor Law § 195(3).

73. Due to the Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid overtime wages, unpaid wages due to a fixed salary policy, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**COUNT III**

**BREACH OF CONTRACT**

74. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

75. "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything

which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract].” *511 W. 232nd Owners Corp. v. Jennifer Realty Co*., 98 N.Y.2d 144, 153 (2002).

76. When Plaintiff and Class Members accepted offers of employment from Defendants, the parties entered into contracts, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiff and Class Members in accordance with all applicable laws. This involved, *inter alia*, a duty to abide by the Internal Revenue Code and pay all required FICA taxes.

77. Defendants breached this duty when they decided to pay Plaintiff and Class Members partially by check and partially in cash, without filing proper W-2 forms. As a result, Plaintiff and Class Members lost part of the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf but did not.

**COUNT IV**

**UNJUST ENRICHMENT**

78. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

79. To state a claim for unjust enrichment, a plaintiff must allege that: “(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered.” *Georgia Malone & Co., Inc. v. Rieder*, 19 NY3d 511, 516 (2012) (internal quotations omitted).

80. Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contributions. This came at the expense of Plaintiff and Class Members because they will either (1) be liable to the IRS for the employer's share or (2) upon retirement, suffer diminished Social Security and Medicare benefits because they did not pay enough into the system.

81. Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiff and Class Members.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves, FLSA Collective Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation, due under the FLSA and the NYLL;

d. An award of unpaid regular and overtime wages, due to time shaving, due under the FLSA and the NYLL;

e. An award of unpaid wages, due to Defendants' fixed salary policy, due under the NYLL;

f. An award of statutory damages to Plaintiff and each Class Member under 26 U.S.C. § 7434 for each violation;

g. Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiff's and Class Members' retirement through FICA contributions;

h. Disgorgement from Defendants of all illegally retained sums that should have gone into FICA contributions;

i. An award of liquidated and/or punitive damages due to Defendants' willful failure to pay overtime compensation for all hours worked, pursuant to 29 U.S.C. § 216;

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime compensation pursuant to the New York Labor law;

k. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

l. An award of prejudgment and post judgment interest, costs and expenses of this action, and reasonable attorneys' and expert fees;

m. Designation of Plaintiff TORRES as Representatives of the FLSA Collective Plaintiffs;

n. Designation of this action as a class action pursuant to F.R.C.P. 23;

o. Designation of Plaintiff TORRES as Representatives of the Class; and

p. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 22, 2026

Respectfully submitted,

By: *<u>/s/ C.K. Lee</u>*
C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*